UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ACUITAS CAPITAL, LLC,

                                          Plaintiff,                      23 Civ. 2124 (PAE)

                        -v-

                                                                   ORDER

IDEANOMICS, INC.,

                                          Defendant.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

       The Court has carefully reviewed the parties' letters as to the application by defendant Ideanomics, Inc. ("Ideanomics") for discovery on the issue of whether plaintiff Acuitas Capital, LLC ("Acuitas") acted as an unregistered dealer in violation of securities law.[1]  See Dkts. 69 ("Def. Letter"), 71 ("Pl. Letter").  The Court had directed the parties to set forth their views as to the implications of any determination that Acuitas acted as an unregistered dealer on the disposition of the case and the proper remedies to be ordered.  See Dkts. 64, 67.

       Ideanomics argues that, if Acuitas violated Section 15(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by acting as an unregistered dealer, the Securities Purchase Agreement ("SPA") between the parties would be unenforceable under Section 29(b) of the Exchange Act.  Def. Letter at 1–2; see also 15 U.S.C. §§ 78o(a)(1), 78cc(b).  Upon such a finding, the Court, in Ideanomics's view, would be required to dismiss Acuitas's complaint with prejudice and permit the release of funds held in escrow by Ideanomics, and could then fashion

---

[1] Ideanomics requests that the Court not consider portions of Acuitas's response.  See Dkt. 72; see also Dkt. 73 (reply by Acuitas).  The Court declines to do so.  Acuitas's response, which cites case law as to whether a party's status as an unregistered dealer requires rescission of a contract and sets forth its view as to what rescission would entail, see Pl. Letter, directly addresses the question posed by the Court.  It thus has been considered in full.

remedies including, *inter alia*, the release to Ideanomics of some or all of the proceeds from Acuitas's sales of shares obtained pursuant to the SPA. *See* Def. Letter at 3–5. Acuitas counters that any determination that it acted as an unregistered dealer would not permit rescission of the SPA and that discovery on this question would be time-consuming, expensive, and futile. *See* Pl. Letter at 1–3. Acuitas also asserts that, if the Court orders rescission of the SPA, it would be entitled to the return of its $20 million investment in Ideanomics. *See id.* at 3.

      The Court declines to permit discovery on whether Acuitas acted as an unregistered dealer, largely for the reasons stated in Acuitas's letter. As numerous courts in this District have noted, under Section 29(b), "only unlawful contracts may be rescinded, not unlawful transactions made pursuant to lawful contracts." *EMA Fin., LLC v. AppTech Corp.*, No. 21 Civ. 6049 (LJL), 2022 WL 4237144, at *6 (S.D.N.Y. Sept. 13, 2022) (quoting *Zerman v. Jacobs*, 510 F. Supp. 132, 135 (S.D.N.Y.), *aff'd*, 672 F.2d 901 (2d Cir. 1981)); *see also Underwood v. Coinbase Glob., Inc.*, --- F. Supp. 3d ---, 2023 WL 1431965, at *11 (S.D.N.Y. Feb. 1, 2023). Here, the SPA permitted, but it did not mandate, Acuitas to sell securities purchased thereunder or act in any other way as a broker-dealer. *See* Dkt. 8-1 (SPA). The SPA thus is not an inherently unlawful contract subject to rescission under Section 29(b). The Court therefore discerns no reason to conclude that, even if Acuitas acted as an unregistered dealer in connection with the SPA, such would render the contract as a whole unlawful and bear on the contract claims at issue. *See, e.g.*, *DarkPulse, Inc. v. FirstFire Glob. Opportunities Fund, LLC*, No. 21 Civ. 11222 (ER), 2023 WL 199196, at *10–11 (S.D.N.Y. Jan. 17, 2023); *E. Cap. Invs. Corp. v. GenTech Holdings, Inc.*, 590 F. Supp. 3d 668, 676 (S.D.N.Y. 2022); *EMA Fin.*, 2022 WL 4237144, at *7 (citing cases).

Accordingly, because Acuitas's status as a dealer is immaterial to the outcome of the case, the Court denies Ideanomics's application for discovery on this issue. Discovery will proceed as provided in the parties' case management plan. *See* Dkts. 68, 74.

SO ORDERED.

<br>
PAUL A. ENGELMAYER<br>
United States District Judge

Dated: June 21, 2023<br>
New York, New York