UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ACUITAS CAPITAL, LLC,                            :     Case No.: 23-cv-02124(PAE)
                                                 :
                        Plaintiff,               :
                                                 :
                                                 :     **STIPULATED PROTECTIVE**
        - against -                              :     **ORDER**
                                                 :
IDEANOMICS, INC.,                                :
                                                 :
                        Defendant.               :
                                                 :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Hon. Paul A. Engelmayer, United States District Judge:

        The parties having agreed to the following terms of confidentiality, and the Court

having found that good cause exists for issuance of an appropriately tailored confidentiality

order governing the pre-trial phase of this action, it is therefore hereby

        ORDERED that any person subject to this Order — including without limitation the

parties to this action, their representatives, agents, experts and consultants, and all other

interested persons with actual or constructive notice of this Order — shall adhere to the

following terms, upon pain of contempt:


1.      **Definitions.**

        a.      **Confidential Information.** The term "Confidential Information" shall

mean and include information contained or disclosed in any Documents (as defined below),

portions of Documents, answers to interrogatories, responses to requests for admissions,

trial testimony, deposition testimony, and transcripts of trial testimony and depositions,

including data, summaries, and compilations derived therefrom that is deemed to be

Confidential Information by any party to which it belongs. Confidential Information shall not include information or material that: (a) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order or other fault of the receiving party or violation of law; (b) is acquired by the receiving party from a third party not owning a duty of confidentiality to the producing party; (c) before receipt from the producing party, was lawfully possessed by the receiving party without a duty of confidentiality to the producing party; (d) is disclosed by the producing party to a third party not owing a duty of confidentiality to the producing party, subject to Fed. R. Civ. P. 26(b)(5)(B); (e) is independently developed by the receiving party; (f) was disclosed to the receiving party by the producing party prior to entry of this Protective Order without a duty of confidentiality to the producing party; or (g) is disclosed by the receiving party with the producing party's prior written approval. Confidential Information may include documents and information designated under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."

     **b.**     **Documents.** The term "Documents" shall have the meaning ascribed to the terms "documents," "electronically stored information," and "tangible things" in Fed. R. Civ. P. 34.

     **c.**     **Outside Counsel.** The term "outside counsel" shall mean outside counsel of record, and other attorneys, law clerks, paralegals, secretaries, and other support staff employed in any office of the law firms identified as counsel of record in this case, provided such individuals do not otherwise hold any formal position (e.g., employee, director, principal) or direct financial interest in a party to this order.

2

2.      **Scope.**  All documents, things, testimony, and other information, or the substance thereof in any form, including documents and things produced by either party, interrogatory answers, responses to requests for admissions, deposition exhibits, and any other discovery materials produced or subject to discovery, and all copies, excerpts, abstracts, and summaries thereof produced, given, or filed during discovery and other proceedings in this action shall be subject to this Stipulation and Order concerning Confidential Information as set forth below. Nothing herein shall prevent or restrict a party or non-party from using or disclosing its own Confidential Information in any manner.

3.      **Form and Timing of Designation.**

a.      Confidential Information may be so designated by placing or affixing the term(s), as appropriate hereunder, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" on the document in a manner that will maintain the legibility of the document.  Documents may be so designated prior to, or contemporaneously with, the production or disclosure of the documents or for the initial production, within 5 business days of the date of signing of this order.  Inadvertent or unintentional production of documents without prior designation shall not be deemed a waiver, in whole or in part, of the right to designate documents at a later date.  Upon learning of any inadvertent or unintentional failure to designate, the producing party may designate such information.  A receiving party who disseminates a document or information not marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" originally, but later so marked, shall make reasonable efforts to retrieve the document or information from any recipients after being notified of the inadvertent or unintentional failure to properly mark the document.  A receiving party

disagreeing with the designation of such materials may challenge the designation as set forth in ¶ 14 but must comply with these procedures pending the resolution of any such challenge.  These procedures shall not waive or eliminate any other protections available under any other governing rules or procedures.

4.     **Documents That May Receive a "CONFIDENTIAL" Designation.**  Any producing party, whether a party to the litigation or third party, may designate documents as "CONFIDENTIAL" that contain (i) information protected from disclosure by statute, (ii) sensitive personal, technical, business, or financial information, (iii) trade secrets, (iv) confidential research, development, proprietary, or commercial information, or (v) documents that the producing party in the ordinary course of business does not or would not disclose to third parties except in confidence, or has undertaken with others to maintain in confidence, and/or is under a preexisting obligation to maintain as confidential or private.  Information or documents that are available to the public may not be designated as "CONFIDENTIAL."

5.     **Documents That May Receive a "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" Designation.**  Any producing party or third party may designate as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" documents that contain highly confidential materials that are of such a sensitive nature and character (1) that disclosure of the information contained therein could be of value to a competitor of the producing party, (2) that there is a likelihood that such information could be appropriated and used in a manner that would cause economic harm to the disclosing party, and (3) that such information constitutes the type of information that the producing party in the ordinary course of business does not or would not disclose to a competitor, including, without limitation, information that could cause harm to the competitive position of the producing party.  Examples of such documents

4

include, but are not limited to, technical business and research information, trade secrets or trading records, financial information, marketing plans and forecasts, specification and design documents, schematics, information relating to future products, customer lists, pricing data, cost data, customer orders, customer quotations, or any unpublished pending or abandoned patent applications, foreign or domestic. Information or documents that are available to the public may not be maintained as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."

6.  **Depositions.**  Portions of depositions shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" only if designated as such when the deposition is taken or within ten (10) business days after receipt of the final transcript, until which time all information disclosed at the deposition and all information contained in deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY." This time period may be modified by agreement of the parties. Such designation shall be specific as to the portions to be protected; however, the entire transcript may be designated as "CONFIDENTIAL" if agreed to by the parties.

7.  **Protection of "CONFIDENTIAL" Material.**

    a.  **General Protections.**  Documents designated "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified in ¶ 7(b) below for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). In the event that a party inadvertently or unintentionally disseminates "CONFIDENTIAL" information to someone not entitled to receive the document or information, it shall immediately notify the producing party and shall use its

best efforts to retrieve the documents or information, and secure the agreement of the recipient not to disclose the "CONFIDENTIAL" information.

      **b.**    **Limited Disclosure of "CONFIDENTIAL" Materials.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(9) below.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL" pursuant to this Order:

      (1)    in-house counsel and owners, managers, or employees of a party to this order, but only to the extent counsel of record shall determine that the specific individual's assistance is necessary to the conduct of the litigation in which the information is disclosed and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Exhibit A hereto) that he or she has read and understands the terms of this Order and is bound by it;

      (2)    outside counsel of record and employees of outside counsel of record involved in the preparation and trial of this action;

      (3)    independent contractor lawyers and their agency staff members who may assist outside counsel in this action and then only after independent contractor lawyer and/or staff member to whom disclosure is to be made acknowledges and agrees to be bound by at the terms of Exhibit A hereto;

(4)     court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(5)     consultants, investigators, or experts engaged by the parties or counsel for the parties to assist in this litigation, including the preparation for trial and/or the rendering of expert opinions (hereinafter referred to collectively as "Experts"), but only subject to the provisions of ¶ 7(e) below;

(6)     professional translators engaged by counsel or the Court to translate confidential documents and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Exhibit A hereto) that he or she has read and understands the terms of this Order and is bound by it;

(7)     outside photocopying, coding, digitizing, data processing, graphic production services, or other vendors that the parties or their counsel utilize to assist in this action;

(8)     any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information; and

(9)     other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Exhibit A hereto) that he or she has read and understands the terms of this Order and is bound by it.

      **c.**     **Control of Documents.**   Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" pursuant to the terms of this order.

      **d.**     **Copies.**   All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as "CONFIDENTIAL" under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the words do not already appear on the copy. All such copies shall be afforded the full protection of this Order.

      **e.**     **Exhibit A.**   All executed acknowledgements (in the form of Exhibit A hereto) shall be maintained by the counsel for the party that had them executed, and copies thereof shall be produced to the other party within five business days of any written request (including a request by email).

**8.**    **Protection of "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" Material.**

      **a.**     **General Protections.**   Documents designated "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" under this Order shall not be disclosed by receiving counsel, except as set forth in ¶ 8(b) below. Documents identified as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" shall not be used for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). In the event that a party inadvertently or unintentionally disseminates "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" information to someone not entitled to receive the document or information, it shall immediately notify the producing party and shall use

its best efforts to retrieve the documents or information, and secure the agreement of the recipient not to disclose the "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" information.

**b.      Limited Disclosure of "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" Materials.**   Documents designated as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" under the terms of this Order may not be disclosed by receiving counsel to any party or entity except as set forth in subparagraphs (1)-(8) below, and then only after the person to whom disclosure is to be made has read and understood the terms of this Order and is bound by it.   Under no circumstances may any of the individuals set forth in subparagraphs (1)-(8) below disclose "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" designated documents to any other individuals not listed.   Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this Order:

> (1)      outside counsel and employees of outside counsel involved in the preparation and trial of this action;
>
> (2)      independent contractor lawyers and staff members hired by outside counsel to assist in this action and then only after independent contractor lawyer and/or staff member to whom disclosure is to be made acknowledges and agrees to be bound by at the terms of Exhibit A hereto;

(3)     court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4)     experts, including Experts and non-specially retained experts, who are bound by this Order according to the procedures described in ¶ 7(e) above;

(5)     professional translators engaged by counsel or the Court to translate confidential documents and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Exhibit A hereto) that he or she has read and understands the terms of this Order and is bound by it;

(6)     outside photocopying, coding, digitizing, data processing, graphic production services, or other vendors that the parties or their counsel utilize to assist in this action and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Exhibit A hereto);

(7)     any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information; and

(8)     other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered and then only after the person to whom disclosure is to be made has executed

an acknowledgment (in the form set forth at Exhibit A hereto) that he or she has read and understands the terms of this Order and is bound by it.

(9)     counsel for the parties may utilize the such designated documents in the course of preparing their respective client's and such employees and any third party who shall testify regarding the content of such designated documents, however, no such documents shall be disseminated, in any manner, to any third party not otherwise identified in this matter other than at counsel's respective offices or on counsel's computers in the course of preparing for any aspect of the litigation.

**c.     Control of Documents.**  Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the terms of this Order.

**d.     Copies.**  All copies of documents designated as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" under this Order or any portion of such a document, shall be immediately affixed with the designation "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" if the words do not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

**e.     Exhibit A.**  All executed acknowledgements (in the form of Exhibit A hereto) shall be maintained by the counsel for the party that had them executed, and copies thereof shall be produced to the other party within five business days of any written request (including a request by email).

9. **Filing of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" Materials.**  Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases. Any document may be filed with the Court under seal in accordance with local rules, the Court's Individual Rules and Practices in Civil Cases, and guiding authority. Counsel opposing the filing of any document shall provide sufficient good cause to opposing counsel or the documents will not be filed under seal.  This Protective Order does not authorize filing under seal without prior permission. Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder. However, unless impractical due to exceptional circumstances, the parties shall confer prior to the filing of any Confidential Information to determine if any less restrictive measure than filing under seal may provide adequate protection.

10. **Trial or Hearing Use.**  Subject to the Court's individual and customary practices, a party who seeks to introduce Confidential Information at a hearing or during trial shall advise the Court at the time of introduction that the information, documents, or tangible things sought to be introduced are protected.  The Court will review the information, documents, or tangible things in camera or as otherwise determined by the Court, and make an oral ruling.  If the Court so rules,

the Clerk will file and keep any such documents or tangible things under seal. The Parties shall conform to the practices of the Court as it relates to either Party's intent to utilize any such so designated document, or content therein, during the course of the trial. To the extent no such practice is set forth by the Court, prior to eliciting any testimony and/or use of any such document or the content therein, the Party intending to utilize the same shall inform the Court of its intent and comply with any instruction that thereafter follows from the Court. To the extent the Court requests proposed trial exhibits be uploaded to the ECF system, the Parties shall jointly request a submission under seal of the documents so marked, and no Party shall object to the request to have the same filed under seal; nothing herein shall preclude either Party from objecting to the confidentiality designation as otherwise set forth in this Protective Order.

11. **Deposition Use.** Nothing in this Protective Order shall prevent any counsel of record from utilizing Confidential Information in the examination of any person who is reasonably alleged to be the author or source of the Confidential Information or who is reasonably believed to have knowledge relating thereto or to whom may provide testimony regarding the subject matter, content, creation or veracity of the same contained in the document identified as Confidential Information. In addition,

> **a**. Parties and present employees of the parties, or employees of third parties, may be examined as a witness at depositions and may testify concerning all Confidential Information produced or designated by either party, or by the employee's employer if a third party; and

> **b**. Former employees of the parties, or former employees of third parties, may be examined and may testify concerning all Confidential Information produced or

designated by the party or third party that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto.

12.     **Use for Legal Advice.**  Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her client with respect to this litigation and referring to or relying generally upon his/her examination of Confidential Information, provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of the information.

13.     **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party obtains an Order from the Court providing such special protection, provided that any party may seek greater protection of any document or information prior to producing it or making it available for inspection.

14.     **Challenges to Designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."**  Any of the designations permitted herein are subject to challenge.  The following procedures shall apply to any such challenge.

      **a.**     The burden of proving the necessity of a confidentiality designation remains with the party asserting the protection, except that a party claiming that information designated by the other as Confidential Information is in the public domain shall have the burden of proving such public knowledge.

      **b.**     A party who contends that designated documents are not entitled to protection under this Order shall give written notice to the designating party specifically identifying the Bates number, deposition page and line, or other appropriate specific

identifier of the information regarding which the confidentiality status is challenged and the specific basis for the challenge ("Challenge Notice"). The producing party shall have seven (7) business days from service of the Challenge Notice to determine if the dispute can be resolved without judicial intervention, by removing or modifying a designation or by responding that it has reviewed the matter and continues to maintain the designation in good faith. If the parties are unable in good faith to resolve any such dispute, the producing party shall file and serve a letter/motion as directed by the Court to retain the confidentiality designation. This provision does not foreclose the right of the challenging party from filing its own motion to challenge any designation for which it deems improper under this order.

      **c.**      Notwithstanding any challenge to the designation of documents, all material previously designated shall continue to be treated as designated subject to the full protections of this Order until the resolution of the dispute by the parties or ruling by the Court

      **d.**      Challenges to the designation of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**15.**     **Production of Exempt Documents.** The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information

(including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

### 16. Clawback Provisions

#### a. Disclosure: Notice by Producing Party

1. Any Producing Party that inadvertently discloses or produces a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, may request that all copies of the document or information be returned or destroyed. The Producing Party shall give written notice to each Receiving Party identifying the document or information in question, the asserted privilege or protection, and the grounds therefor. Upon receipt of any such notice, each Receiving Party shall refrain from any effort to use or rely upon the document or information in question, for any purpose, until the privilege claims has been resolved in accordance with sub-paragraph 2 below.

2. Within fourteen days of receiving any notification under Paragraph 16(a)(1) each Receiving Party will return (at the cost of the Producing Party) or destroy all copies of the inadvertently produced document or information, as requested, and shall provide written confirmation to the Producing Party of such action. If the privilege claim is disputed, a Receiving Party may file a motion challenging the validity of the privilege claim within fourteen days of its receipt of written notification from the Producing Party of the inadvertent production. If any such motion

is filed by a Receiving Party, the Receiving Party which filed the motion shall bear the burden of establishing the invalidity of any privilege or protection claimed, and the Receiving Parties shall not use or attempt to rely upon the document or information in question for any purpose, within or outside this action, unless and until the motion has been addressed and granted by the Court.  In connection with any such motion, neither the inadvertent disclosure of the document or information in question nor its allegedly privileged content shall be cited or relied upon as a basis for disputing the privilege claim.

**b.**      **Inadvertent Disclosure: Notice by Receiving Party.**

1.      Any Party that receives any document or information during the course of discovery in this action that it knows or reasonably should know is likely to be subject to a claim of privilege or other protection from discovery shall so inform the Producing Party and all other Parties in writing and shall identify the document or information in question within fourteen days of becoming aware of the potentially privileged document or information.  All Parties shall refrain from any effort to use or rely upon the document or information in question, for any purpose, until the privilege claim has been resolved in accordance with sub-paragraph 2 below.

2.      Within fourteen days of receiving any notification under paragraph (b)(1) above, the Producing Party shall either (A) confirm in writing that it means to assert a privilege claim and request that all Receiving Parties

return or destroy all copies of the information or document in question, or (B) confirm in writing that no privilege or protection from discovery is claimed. If a Producing Party asserts a privilege claim in response to a notice under Paragraph 16(b)(1) above, then, within fourteen days of the Producing Party's written confirmation of the privilege claim, each Receiving Party shall return or destroy all copies of the document or information in question, as requested, and provide written confirmation to the Producing Party of such action. If the privilege claim is disputed, a Receiving Party may file a motion challenging the validity of the privilege claim within fourteen days of its receipt of written confirmation from the Producing Party of the privilege claim. If any such motion is filed by a Receiving Party, the Receiving Party which filed the motion shall bear the burden of establishing the invalidity of any privilege or protection claimed, and the Receiving Parties shall not use or attempt to rely upon the document or information in question for any purpose, within or outside this action, unless and until the motion has been addressed and granted by the Court. In connection with any such motion, neither the inadvertent disclosure of the document or information in question nor its allegedly privileged content shall be cited or relied upon as a basis for disputing the privilege claim.

17.     **Treatment on Conclusion of Litigation.**

    a.     **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

    b.     **Return of Protected Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" under this Order, including copies as defined herein, shall at the receiving party's election and cost, be returned to the producing party or destroyed.  The receiving party shall verify the return or destruction in writing to the producing party, upon the producing party's request.  Notwithstanding the foregoing, outside counsel of record may retain a complete set of pleadings and court papers, depositions and trial transcripts, deposition and trial exhibits, affidavits and declarations, and work product after final conclusion of this litigation, but Confidential Information contained therein shall not be disseminated and shall remain subject to the terms of this Protective Order.  Further, the parties shall not be required to return or destroy Confidential Information maintained in computer back-up systems or other storage media that are not readily accessible or normally accessed (e.g., electronic disaster recovery systems that are overwritten in the normal course of business), but such material shall remain subject to this Order in all respects.

18.    **Subpoena for Confidential Information.**

a.     If Confidential Information in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will not produce such information without first giving prompt written notice by electronic mail (including a copy of the Third Party Request) to the attorneys of record for the producing party, no more than five (5) business days after receiving the Third Party Request.  The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other litigation that some or all of the material covered by the Third Party Request is subject to this Protective Order.  The party receiving the Third Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue.

b.     The producing party shall bear the burden and expense of seeking protection in court of its own Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third Party Request to disobey a lawful directive from another court.  Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Protective Order.

19.    **Order Subject to Modification.**  This Order supersedes any previous orders or agreements of the parties that conflict with the terms herein.  This Order shall be subject to

modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order after the parties hereto have had an opportunity to address any motion for a modification of this Order. Any deadlines herein may be extended by the parties by agreement.

20. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made by the Court.

21. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel in this action and their respective law firms and clients.

**IT IS SO STIPULATED.**

**McDermott Will & Emery LLP**          **The Law Offices of Barry M. Bordetsky**

By: /s/ Andrew B. Kratenstein          By: /s/ Barry Bordetsky
Andrew B. Kratenstein                  Barry M. Bordetsky
Lisa A. Gerson                         570 Lexington Avenue, 24th Floor
One Vanderbilt Avenue                  New York, New York 10022
New York, New York 10017               Tel: (212) 688-0008
(212) 547-5400                         *Attorneys for Defendant*
*Attorneys for Plaintiff*


**IT IS SO ORDERED**, this 23rd day of June 2023


*Paul A. Engelmayer*

**Hon. Paul A. Engelmayer**

**EXHIBIT A TO THE STIPULATED PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| ACUITAS CAPITAL, LLC, | :   Case No.: 23-cv-02124(PAE) |
| | : |
| Plaintiff, | : |
| | : |
| - against - | : |
| | : |
| IDEANOMICS, INC., | : |
| | : |
| Defendant. | : |
| | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms.  The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Stipulated Protective Order and understands that the terms of said Stipulated Protective Order obligate him/her to treat all discovery materials designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" strictly in accordance with the terms and conditions of the Order, use such information solely for the purposes of the above-captioned action, and not to disclose any such information to any other person, firm, or concern.  The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title:_____

Employer:_____

Business Address:_____

Date: _____Signature: _____

23